**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

MARY YOUNG,

        Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Mary Young is a natural person.

8.      The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Stellar Recovery, Inc. is a Florida corporation operating from an address at 4500 Salisbury Road, Suite 105, Jacksonville, Florida, 32216.

12.     The Defendant's registered agent in the state of Colorado is Business Filings Incorporated, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.   The Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Comcast (hereinafter the "Account").

19.   The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with Comcast.

21.   After the Account went into default the Account the Defendant received the Account for collection.

22.   The Account was placed or otherwise transferred to the Defendant for collection.

23.   The Plaintiff disputes the Account.

24.   The Plaintiff requests that the Defendant cease all further communication on the Account.

25.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26.   The Defendant acted at all times mentioned herein through its employee(s).

27.   On July 9, 2012 the Plaintiff called the Defendant regarding the Account to discuss the Account and to dispute the Account.

28.   The Plaintiff and the Defendant had a telephone conversation regarding the Account on July 9, 2012.

29.     During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Defendant via its employee located the Account and told the Plaintiff that the Defendant had the Plaintiff's Comcast account with a balance of $266.45.

30.     During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Defendant represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that the full balance had to be paid to get the Account off of the credit bureau reports.

31.     The Defendant's representations in paragraph 30 were false and were false representations made in connection with the collection of a debt, the Account.

32.     During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Plaintiff disputed the Account.

33.     During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Plaintiff notified the Defendant that the Account was disputed.

34.     During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Plaintiff stated: I'm disputing this.

35. During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Defendant stated: Ok, you can dispute it mam. I'll just go ahead and place it on your credit today. That's fine. You can dispute it.

36. During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Plaintiff stated: I'm disputing this bill with your company.

37. During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Defendant stated: Ok.

38. During the telephone conversation between the Plaintiff and the Defendant regarding the Account on July 9, 2012 the Defendant represented to the Plaintiff that she could not dispute the Account with the Defendant and that she had to dispute the Account with Comcast.

39. The Defendant's representations in paragraph 37 were false and were false representations made in connection with the collection of a debt, the Account.

40. The Plaintiff disputed the Account with the Defendant in July 2012.

41. The Plaintiff notified the Defendant that the Account is disputed in July 2012.

42. The Defendant was aware that the Account was disputed in July 2012.

43. The Defendant was informed that the Account was disputed in July 2012.

44. The Defendant had knowledge that the Account was disputed in July 2012.

45. Prior to August 2012 the Plaintiff disputed the Account with the Defendant.

46. Prior to August 2012 the Plaintiff notified the Defendant that the Account was disputed.

47. Prior to August 2012 the Defendant was aware that the Account was disputed.

48. Prior to August 2012 the Defendant was informed that the Account was disputed.

49. After July 9, 2012 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

50. After July 9, 2012 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

51. After July 9, 2012 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

52. The information communicated to Experian, Equifax and/or Transunion by the Defendant after July 9, 2012 on the Account conveyed information

regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

53. The information communicated to Experian, Equifax and/or Transunion by the Defendant after July 9, 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

54. The only reason that the Defendant communicated the information regarding the Account after July 9, 2012 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

55. In September 2012 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

56. In September 2012 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

57. In September 2012 the Defendant communicated to Experian, Equifax and/or Transunion that the balance on the Account was: $266.

58. On or before September 2012 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was: COMCAST (Retail).

59. In September 2012 the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

60.     In September 2012 the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

61.     The information communicated to Experian, Equifax and/or Transunion by the Defendant in September 2012 on the Account conveyed information regarding the Account directly or indirectly to Experian.

62.     The information communicated to Experian, Equifax and/or Transunion by the Defendant in September 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

63.     The only reason that the Defendant communicated the information regarding the Account in September 2012 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

64.     See attached **Exhibit 1** which is two (2) redacted pages of Plaintiff's Transunion Credit Report dated 12/14/2012 consisting of page one which indicates that it is the Plaintiff's Transunion Credit Report and page 8 which contains the Defendant's entry on the credit report for the Account.

65.     The Defendant's purpose for communicating the information on the Account to Experian, Equifax and/or Transunion was to attempt to collect the Account.

66.     The only reason that the Defendant communicated the information regarding the Account after July 2012 and in September 2012 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

67. The Defendant paid a fee to the credit reporting agencies, Experian, Equifax and Transunion, to have the Account reflect on the Plaintiff's credit bureau reports with Experian, Equifax and Transunion.

68. Upon information and belief in 2013 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian, Equifax and Transunion.

69. Upon information and belief in 2013 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian, Equifax and Transunion.

70. Upon information and belief in 2013 the Defendant reported information to Experian, Equifax and Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

71. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff  regarding the Account.

72. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff  regarding the Account in 2012 and/or 2013.

73. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2012 and/or 2013.

74.     On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2012 and/or 2013.

75.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2012 and/or 2013.

76.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account.

77.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account in July 2012.

78.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account in September 2012.

79.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account prior to July 9, 2012.

80.    On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion, Experian and Equifax on the Account after July 9, 2012.

81.    The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

82.    The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

83.    Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

84.    "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

85.    "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

86.     As a consequence of the Defendant's action(s), the Plaintiff seeks

damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

87.     The previous paragraphs are incorporated into this Count as if set forth in

full.

88.     The act(s) and omission(s) of the Defendant constitute a violation of the

FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

89.     Pursuant to FDCPA § 1692k the Plaintiff seeks damages,

reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.   U.S. Const.

amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.     Judgment in favor of the Plaintiff and against the Defendant.

2.     Damages pursuant to 15 U.S.C. § 1692k(a).

3.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff